# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY WILLIAMS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-11-615 |
| WARDEN KATHLEEN GREEN, LT. MURPHY, | * | |
| B. GAGG, | * | |
| C. ASHBY, | | |
| and OFC. C. POWELL | * | |
| Defendants | * | |

***

## **MEMORANDUM**

The above-captioned complaint, filed together with a Motion for Leave to Proceed in Forma Pauperis on March 8, 2011, concerns actions taken against Plaintiff in the context of a prison disciplinary proceeding and his security classification. ECF No. 1. Because he appears to be indigent, Plaintiff's motion shall be granted.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Additionally, under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that‒ (A) the allegation of poverty is untrue; or (B) the action or appeal‒ (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The instant complaint alleges that Plaintiff was charged with an institutional rule violation and found not guilty. ECF No. 1 at p. 3. Plaintiff claims the case manager and her supervisor violated Division of Correction directives by refusing to re-classify him to another job detail after he was removed from school, presumably as a result of being charged with a rule violation. *Id*. Plaintiff adds that Lt. Murphy "has put a bad characteristic of [him] in the institution" and that Officer Powell "has confiscated photo albums" belonging to Plaintiff. *Id*. As relief Plaintiff seeks a transfer to another institution, stating he fears for his life. *Id*.

"[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472 (1995), (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). Plaintiff does not have a constitutional right to a prison job. The allegation that directives were violated does not change that analysis. Plaintiff also does not have a constitutional right to a good reputation. In addition, "[p]rison administrators have broad discretion in the management of correctional institutions. Unless other rights such as religion or speech are involved, jails may thus constitutionally disallow the possession of personal property." *Bannan v. Angelone*, 962 F. Supp. 71, 73-4 (W. D. Va. 1996) (citations omitted).

None of the conduct alleged by Plaintiff states a claim. The complaint is frivolous. Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case constitutes the first action filed by Plaintiff that has been dismissed as frivolous. For the reasons stated, this case will be dismissed by separate Order.

March 16, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE